IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS R. RAMOS § | | |
| TDCJ-CID NO. 416245 § | | |
| v. § | | C.A. NO. C-10-273 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT TRANSFER OF HABEAS PETITION**

Petitioner is a state prisoner currently incarcerated at the Dalhart Unit in Dalhart, Texas. (D.E. 1). On August 13, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the calculation of credit on a state sentence. Id. Pending is Respondent's motion to dismiss for lack of jurisdiction or, in the alternative, to transfer the action to the Eastern District of Texas. (D.E. 9). Petitioner filed a response on November 4, 2010. (D.E. 14). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted and that the action be transferred to the Eastern District of Texas.

### I. BACKGROUND

On January 30, 1986, Petitioner pled guilty to burglarizing a habitation in state court in Jefferson County, Texas and was sentenced to forty-five years in prison. (D.E. 8-3, at 45). He pled guilty on May 12, 1986 to aggravated sexual assault in the same court and was sentenced to twenty years in prison. (D.E. 8-4, at

53-56). The court ordered the sentences to run concurrently. (D.E. 8-3, at 59).

On December 30, 2002, Petitioner was released from prison on mandatory supervision and placed in home confinement. (D.E. 3, at 7). On November 10, 2003, he took off his electronic monitoring device and fled home confinement. (D.E. 8, at 55). He was arrested on April 10, 2004 in Aransas Pass, Texas. (D.E. 8-1, at 52). On January 7, 2005, Petitioner was convicted in San Patricio County, Texas of two counts of failure to register as a sex offender and sentenced to seven years in prison on each count, to run concurrently. (D.E. 8, at 58, 62).

## II. PETITIONER'S ALLEGATIONS

As a general matter, Petitioner alleges that the Texas procedures for state habeas petitions are unconstitutional because they deny petitioners access to the courts and the chance to present evidence, and because they force them to present their claims to biased courts. (D.E. 3, at 4-5). More specifically, he claims that he was improperly denied three hundred and forty-two days of credit off his sentence for time served on mandatory supervision and home confinement. (D.E. 1, at 7). In addition, he maintains that he is entitled to good time credit for the period of time that elapsed between the issuance of a revocation warrant and the decision not to revoke parole, and challenges the calculation of credits based on the date of his arrest. (D.E. 3, at 10). Petitioner requests declaratory and injunctive relief to

2

resolve these matters. Id. at 11.

### III.  DISCUSSION

Respondent seeks dismissal of the petition for lack of jurisdiction or, in the alternative, transfer on the grounds that Petitioner has filed his action in the wrong district. (D.E. 9). In particular, he argues that Petitioner is challenging a sentence imposed in the Eastern District of Texas, and is incarcerated in the Northern District of Texas, and that jurisdiction is therefore only proper in one of those districts. Id. at 4-6.

Petitioner responds that he understands the allegedly incorrect street time calculation to affect his sentence for failure to register as a sex offender, a sentence handed down in San Patricio County. (D.E. 14, at 1). Because San Patricio County is located in the Southern District of Texas, he believes that his action was properly filed in this district. Id. Nevertheless, Petitioner notes that he would not object to his complaint being transferred to the Eastern District of Texas if the Court sees fit to do so. Id. at 2.

The basic facts upon which the jurisdictional question rests are not in dispute.[1] The crux of the issue here is whether Petitioner's complaint is properly

---

[1] Respondent alludes several times in his motion to dismiss or transfer to events taking place in "San Pedro County, Texas." (D.E. 9, at 2, 3). There is no such judicially recognized county in Texas. See 28 U.S.C. § 124. Given the context, Respondent is presumed to refer to San Patricio, County, where Petitioner was convicted and sentenced for failure to register as a

understood as attacking the judgment imposed in San Patricio County for failure to register as a sex offender, or that imposed in Jefferson County for burglary and sexual assault.

Jurisdiction over an action brought pursuant to 28 U.S.C. § 2254 is proper where an inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). The question here is which conviction. Respondent notes that Petitioner has stated that he was alerted to the alleged miscalculation when informed by a parole officer that he had almost twenty-three years of "flat time,"[2] an estimation which omitted the period of home confinement for which he believes himself entitled to a sentence reduction. (D.E. 9, at 3; D.E. 3, at 8). Based on this assertion, Respondent concludes that the alleged error could only relate to the Jefferson County conviction, because Petitioner was sentenced to forty-five years at that time, and was given only two seven-year sentences in San Patricio, running concurrently. (D.E. 9, at 3). Petitioner does not appear to dispute the contention that the flat time calculation which he is attacking is a function of his Jefferson County sentence. Instead, in

---

sex offender. (D.E. 8, at 58). San Patricio County is in the Southern District of Texas, Corpus Christi Division. 28 U.S.C. § 124(b)(6).

[2] Flat time is "[a] prison term that is to be served without the benefit of time-reduction allowances for good behavior and the like." Black's Law Dictionary 1620 (9th ed. 2009).

arguing for jurisdiction in this Court, he emphasizes that his complaint concerns the length of time he was in home confinement, and that he served and violated his home confinement in San Patricio County. (D.E. 14, at 1).

Petitioner is certainly correct that the actions which most directly led to the calculation he attacks took place within the Southern District of Texas. Nevertheless, for purposes of jurisdiction over this habeas petition, the proper inquiry is where the relevant sentence was handed down, not where any early-release decisions were made, even when such a decision is essentially the target of the action. See Carmona v. Andrews, 357 F.3d 535, 538-39 (5th Cir. 2004) (jurisdiction was proper in the district where petitioner was convicted, not where his parole was revoked). Because the sentence under attack was imposed in the Eastern District of Texas, and because Petitioner is confined in the Northern District of Texas, jurisdiction is only proper in one of those courts. Accordingly, it is respectfully recommended that the Court lacks jurisdiction over Petitioner's claim. See Wadsworth, 235 F.3d at 961-62.

Congress has provided that "in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a). Such "transfers are committed to the sound discretion of the transferring judge." Mills v. Beech Aircraft Corp., 886 F.2d 758,

761 (5th Cir. 1989) (quotation marks and citation omitted). Accordingly, it is respectfully recommended that this action be transferred to the Eastern District of Texas.

## IV. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss for lack of jurisdiction or, in the alternative, to transfer, (D.E. 9), be granted and the action transferred to the Eastern District of Texas.

Respectfully submitted this 12th day of November 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).